UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ELVIZ H.L.L.

                          Petitioner,

v.

KRISTI NOEM, Secretary, U.S. Department of Homeland Security;

DAVID EASTERWOOD, Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement;

TODD M. LYONS, Acting Director, St. Paul Field Office, Immigration and Customs Enforcement;

PAMELA BONDI, United States Attorney General;

WARDEN, El Paso Camp East ICE Detention Facility, El Paso, Texas; and

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,

                          Respondents.

Civil No. 26-877 (JRT/LIB)

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

Kimberley Woods, **KHANH NGUYEN LAW OFFICE**, 1001 Washington Avenue South, Minneapolis, MN 55415, for Petitioner.

Ana H. Voss, David R. Hackworthy, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 for Respondents.

On January 30, 2026, Petitioner Elviz H.L.L. filed a Verified Petition for Writ of Habeas Corpus.  (Docket No. 1.)  He was arrested by U.S. Immigration and Customs Enforcement (ICE) officials on January 27, 2026, and alleges that he is being detained unlawfully.  Because the Court concludes that it has jurisdiction, and that Petitioner is being detained unlawfully, the Court will grant the petition and order Petitioner's immediate release.

## BACKGROUND

Petitioner is a citizen of Guatemala and a resident of Minneapolis. (Verified Pet. Writ Habeas Corpus ("Pet.") ¶¶ 9, 24.)  He has no criminal history and is employed in Minnesota.  (Id. ¶ 8.)  Petitioner alleges that on January 27, 2026, while on his way to work, he was arrested by federal officials without a warrant.  (Id. ¶ 10.)  Respondents filed an answer on February 3, 2026, arguing both that the Court lacks jurisdiction to hear the petition and that Petitioner's detention is lawful.  (Response, Feb. 3, 2026, Docket No. 6.)

Petitioner acknowledges in his petition, filed three days after his arrest, that Respondents had transferred Petitioner to El Paso, Texas prior to the petition's filing.  (Id. ¶ 11.)  However, Petitioner now states that "[u]pon information and belief, Petitioner has been transferred back to the State of Minnesota," although "that is unverified as the ICE Detainee Locator currently states to 'call ICE for information.'"  (Obj. to Mot. to Dismiss or Transfer ("Obj.") ¶ 4, Feb. 4, 2026, Docket No. 7.)

**DISCUSSION**

Respondents first challenge this Court's jurisdiction, relying on the fact that Petitioner did not file his habeas petition in this District while he was physically detained here. In a typical case involving a habeas petition brought under 28 U.S.C. § 2241(a), a petitioner who "seeks to challenge his present physical custody within the United States . . . should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004). But as this Court has noted in other cases, exceptions exist to the default district-of-confinement rule. *See id.* at 435; *see also Xia v. King*, No. 24-2000, 2025 WL 240792, at *2 (D. Minn. Jan. 17, 2025) (recognizing the existence of certain exceptions). For example, the Supreme Court has recognized that when "a prisoner is held in an undisclosed location by an unknown custodian, it is impossible to apply" the typical rules for determining the proper forum for a habeas petition. *Padilla*, 542 U.S. at 450 n.18.

Petitioner informs the Court that Respondents have now returned Petitioner to Minnesota, seeming to moot any venue problem in this case. (Obj. ¶ 4); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 451 (2004) (Kennedy, J., concurring) ("[T]he question of the proper location for a habeas petition is best understood as a question of personal jurisdiction or venue."). But at a minimum, Petitioner's present location is unclear, and was also unclear for the days following Petitioner's arrest, when Petitioner's counsel would have been preparing to file the petition. (Obj. ¶¶ 4–5.) Therefore, even if Petitioner were still detained in Texas, exceptions to the default jurisdictional rules would

apply, because when "Government-controlled transfers," like the one in this case are "executed within hours of detention and before communication with counsel is possible" such conduct "risk[s] defeating timely judicial review." *Adriana M.Y.M. v. Easterwood*, No. 26-213, 2026 WL 184721 (D. Minn. Jan. 24, 2026); *see also Xia v. King*, No. 24-2000, 2025 WL 240792, at *2 (D. Minn. Jan. 17, 2025) (recognizing the existence of certain exceptions). For these reasons, the Court finds that it has jurisdiction.

Turning to the merits, Respondents rely on 8 U.S.C. § 1225(b)(2) to justify Petitioner's detention, and the Court rejects that justification. After thorough review of the parties' filings, the Court concludes that the legal issues presented by Petitioner's habeas petition are subject to the same analysis the Court recently employed in *Herrera Avila v. Bondi*, No. 25-3741, 2025 WL 2976539 (D. Minn. Oct. 21, 2025) and *Romero Santuario v. Bondi*, No. 25-4296, 2025 WL 3469577 (D. Minn, Dec. 2, 2025). Section 1225(b)(2) does not authorize the warrantless, notice-less arrest of an individual already present in the United States. For the same reasons articulated in *Herrera Avila* and *Romero Santuario*, the Court concludes that Petitioner's detention is not authorized by § 1225(b)(2).

The Court therefore turns to the proper remedy. In some previous cases involving this issue, the Court concluded that a bond hearing pursuant to § 1226(a) is the appropriate remedy. However, the Court is now persuaded that where, as here, (1) Respondents erroneously assert that a detainee is being held pursuant to § 1225(b)(2);

and (2) Respondents have not produced a warrant, as is required to effectuate an arrest pursuant to § 1226(a), the appropriate remedy is release from custody. *See, e.g.*, *Ahmed M. v. Bondi*, No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lauro M. v. Bondi*, No. 26-134, 2026 WL 115022, at *3 (D. Minn. Jan. 15, 2026); *cf. Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. . . . The typical remedy for such detention is, of course, release.").

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Elviz H.L.L.'s Verified Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

    a. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

    b. If Petitioner is presently detained outside of the District of Minnesota, Respondents shall **TRANSPORT** Petitioner to Minnesota and **RELEASE** Petitioner from custody immediately. Petitioner's release in Minnesota must occur **no later than 48 hours after the filing of this Order**.

    c. If Petitioner remains in detention in Minnesota, Respondents shall release Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order.**

d. Given the severe weather conditions in Minnesota, Respondents are **ORDERED** to coordinate with Petitioner's counsel to ensure that upon Petitioner's release, they are not left outside in dangerous cold. It is preferable to release Petitioner to counsel to ensure humane treatment.

e. Respondents must release Petitioner with all personal effects, such as driver's licenses, passports, or immigration documents, and **without conditions** including location tracking or mandatory check-ins.

f. The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on February 7, 2026**. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED: February 5, 2026         _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.        JOHN R. TUNHEIM
       United States District Judge